**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Roberto MIRANDA–LOPEZ,**
Defendant—Appellant.

No. 08–50499.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed June 23, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Kyle W. Hoffman, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Keith H. Rutman, Law Offices of Keith H. Rutman, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, BERZON and BYBEE, Circuit Judges.

MEMORANDUM **

Roberto Miranda–Lopez appeals the district court's denial of his motion for judgment of acquittal on remand following our decision in *United States v. Miranda–Lopez,* 532 F.3d 1034 (9th Cir.2008). We review the sufficiency of the evidence de novo, *United States v. Esquivel–Ortega,* 484 F.3d 1221, 1224 (9th Cir.2007), and we affirm.

The district court did not err in concluding that the evidence was sufficient to support a jury finding that Miranda–Lopez knew the identification card he used belonged to another person. The card, stipulated to be genuine, contained a photograph and fingerprint of another individual, there was no evidence that the card looked doctored or fake, and a Customs and Border Protection Officer testified that the card looked genuine. As the district court held, a rational jury could reasonably conclude from this evidence that Miranda–Lopez knew the identification card he used to enter the United States belonged to a real person other than himself. In particular, the jury could have relied on the inference that there would have been little point in using a counterfeit identification not in Miranda–Lopez's name. *Compare Flores–Figueroa v. United States,* —— U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009) (adopting the same construction of the statute adopted in our prior opinion, in a case in which the identification used was counterfeit and in the defendant's real name, but used numbers

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

assigned to other persons). The evidence was therefore sufficient to support the conviction under 18 U.S.C. § 1028A(a)(1).

AFFIRMED.